UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  08-20090-CIV-MORENO**

ALEXANDER ZELYONY,

      Plaintiff,

vs.

PORSCHE CARS NORTH AMERICA, INC.,

      Defendant.

_____/

## <u>ORDER DENYING MOTION TO DISMISS</u>

THIS CAUSE came before the Court upon the Defendant's Motion to Dismiss **(D.E. No. 2)**, filed on **<u>January 11, 2008</u>**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED with leave to raise the issue in a motion for summary judgment.  Defendant shall answer the complaint by no later than **<u>April 25, 2008</u>**.

### I. BACKGROUND

Plaintiff, Alexander Zelyony, filed a claim under the Magnuson-Moss Warranty Act[1] (the "Warranty Act"), 15 U.S.C. § 2301, *et seq.*, seeking to revoke his acceptance of a 2004 Porsche 996TT Cab he purchased on May 29, 2004 in Dallas, Texas.   Defendant, Porsche Cars North America, Inc. is the manufacturer of the vehicle, incorporated in Delaware and maintaining a

---

[1]The Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d), expressly provides for federal jurisdiction when the amount in controversy exceeds $50,000.

principle place of business in Georgia.

Shortly after taking possession of the vehicle, Plaintiff experienced various defects with the car.  Defendant's dealers were unable to repair the defects in the vehicle within a reasonable amount of time.  As such, Plaintiff is seeking to revoke his acceptance of the vehicle and recover the purchase price, which was $131, 054.42.  Defendant, through a dealer, issued a written warranty to Plaintiff.   Plaintiff's suit is premised on Defendant's breach of the written express warranty.  The complaint does not contain any claim based on a breach of an implied warranty.

Defendant's motion to dismiss argues that Plaintiff cannot maintain his suit because there is no contractual privity between the parties.

## II. LEGAL ANALYSIS

*1.  Is privity required to maintain a breach of a written warranty under the Warranty Act?*

At issue in the motion to dismiss is whether privity between the parties is required on a claim for breach of a written warranty under the Warranty Act.   It is clear that on a breach of an implied warranty claim, the Court must look to state law to determine privity. 15 U.S.C. § 2301(7) ("The term "implied warranty" means an implied warranty arising under State law. . . in connection with the sale by a supplier of a consumer product."); *Gill v. Blue Bird Body Co.*, 147 Fed. Appx. 807, 810 (11th Cir. 2005); *Mesa v. BMW of N. Am.*, 904 So. 2d 450, 458 (Fla. 3d DCA 2005) (holding privity is a prerequisite to a claim for breach of an implied warranty under Warranty Act and Florida law). The same is not true in this context, where Plaintiff's claim is one for breach of a written warranty. 15 U.S.C. § 2301(6); *Yvon v. Baja Marine Corp.*, 495 F. Supp. 2d 1179, 1184 n.4 (N.D. Fla. 2007) ("Defendants correctly concede that transactional privity is not required to support an express warranty claim under the Magnuson-Moss Warranty Act."); *Soldinger Assoc. Ltd. v. Aston Martin*

*Lagonda of N. Am., Inc.*, 1999 F. Supp. 2d 756174, * 8 (N.D. Ill. Sept. 13, 1999) (recognizing that Warranty Act holds manufacturers responsible to nonprivity consumers under a written warranty while at the same time allowing manufacturers to escape responsibility for breach of an implied warranty).

    *2.  Is privity required to seek the remedy of revocation of acceptance?*

    Under 15 U.S.C. § 2310(d)(1), a consumer may bring suit against a warrantor for failure to comply with its obligations under a written warranty.  The statute states that a "consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with . . . a written warranty. . . may bring suit for damages and other legal and equitable relief. . .." 15 U.S.C. § 2310(d)(1) (setting amount in controversy at $50,000 to qualify for federal jurisdiction).

    The Warranty Act is silent as to the amount and type of damages that a court may award for breach of an express warranty.  The statute does provide, however, that nothing in the Act "shall invalidate or restrict any right or remedy of any consumer under State law. . . .." 15 U.S.C. § 2311(b)(1).   The legislative history of the act clearly implies that a resort to state law is proper in determining the applicable measure of damages under the Warranty Act.  *MacKenzie v. Chrysler Corp.,* 607 F.2d 1162, 1166 (5th Cir. 1979) (quoting legislative history where Congress recognized that: "In the jurisdictions where it (the U.C.C.) is in effect, it generally controls the rights of parties in commercial transactions and it is commonly accepted as today's law of sales.").

    Having to resort to state law to determine the applicable remedy, the Court must decide whether Florida law recognizes revocation of acceptance as a remedy in the absence of privity.  The answer is simple.  Privity is required for Plaintiff to revoke acceptance of the vehicle under Florida law.  *See Mesa*, 904 So. 2d at 459 ("Although revocation of acceptance can be a remedy for breach

of express warranty under the [Warranty Act], we have found no case applying Florida warranty law allowing a plaintiff to seek such a remedy against a manufacturer with whom the plaintiff is not in privity of contract.").

Though the Court agrees with Defendant's position that revocation of acceptance does require a showing of privity, ruling that the parties are not in privity requires a factual inquiry the Court should not make on a motion to dismiss.  *Yvon*, 495 F. Supp. 2d at 1184 ("whether there was or was not privity is a factual question that cannot properly be resolved on the instant motion to dismiss.").  Defendant urges the Court that the new standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) allows the Court to dismiss this suit by finding a lack of privity.  The Court does not agree.  While *Twombly* certainly changed the standard for courts ruling on  motions to dismiss, it does not give courts *carte blanche* to rule on issues that are best reserved for summary judgment or trial.  In this particular case, the Plaintiff has alleged enough "to raise the right to relief above the speculative level."  *Id.*  Accordingly, Defendant's motion to dismiss is denied.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th  day of April, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-4-